UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM CRENSHAW, 98-B-0745,

                        Plaintiff,

                                                            DECISION AND ORDER

                                                             03-CV-6385L

                    v.

VICTOR HERBERT, RANDY JAMES,
KEVIN ARNONE, THOMAS BARTKOWIAK,
RICHARD TRYKOWSKI, and JENNIFER
ROBBINS,

                        Defendants.
_____

Plaintiff, William Crenshaw, appearing *pro se*, commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS") alleges that defendants, all of whom were at all relevant times employed by DOCS at Attica Correctional Facility ("Attica"), have violated his constitutional rights in a number of respects, primarily by retaliating against plaintiff for having engaged in activity protected by the First Amendment. Five of the six defendants have moved for summary judgment. For the reasons that follow, the motion is granted.

**FACTUAL BACKGROUND**

Plaintiff alleges that in May 2001, he got into an argument with Correction Officer Thomas Bartkowiak (who is the only non-moving defendant in this action) concerning plaintiff's pay for his position as a nurse's aide. Plaintiff alleges that during, or just after, this argument, Bartkowiak assaulted him.

Plaintiff filed a grievance against Bartkowiak. Deputy Superintendent of Security Randy James and Correction Officer Kevin Arnone investigated the grievance and "f[ou]nd no wrongdoing by staff as alleged." Dkt. #53 at 19. The grievance was therefore denied.

Plaintiff alleges that several days after the incident with Bartkowiak, plaintiff's job assignment was put on hold, and that he was then removed from his job. He was later assigned a job working in the laundry, but was eventually removed from that job as well.

Plaintiff grieved those job actions, alleging that they had been taken in retaliation for his grievance against Bartkowiak. These grievances were denied as well.

Plaintiff then commenced this action, based on Bartkowiak's alleged assault against plaintiff, and on the allegedly retaliatory job actions. Defendants include Bartkowiak, James, Arnone, Attica Superintendent Victor Herbert, and Richard Trykowski and Jennifer Robbins, who according to plaintiff are "civilians who run [the] laundry ... ." Dkt. #53 at 17 ¶ 1.

## DISCUSSION

**I. Summary Judgment–General Standards**

Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Where the plaintiff is proceeding *pro se*, the court will liberally construe his pleadings, and "interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (citing *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). "Nevertheless, proceeding *pro se* does not otherwise relieve a litigant of the usual requirements of summary judgment, and a *pro se* party's bald assertions, unsupported by evidence, are insufficient to overcome a motion for summary judgment." *Hernandez v. McGinnis*, 272 F.Supp.2d 223, 226 (W.D.N.Y. 2003).

**II. First Amendment Retaliation Claims–General Principles**

In order to establish a First Amendment retaliation claim, a plaintiff must show (1) that he engaged in constitutionally protected speech or conduct, (2) that the defendants took adverse action against the plaintiff, and (3) that there was a causal connection between the protected activity and the adverse action. *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001), *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). The filing of lawsuits or prison grievances is a constitutionally protected activity. *Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996); *Franco v. Kelly*, 854 F.2d 584, 590 (2d Cir. 1988).

Courts approach prisoner retaliation claims "with skepticism and particular care," however, because "virtually any adverse action taken against a prisoner by a prison official–even those otherwise not rising to the level of a constitutional violation–can be characterized as a constitutionally proscribed retaliatory act." *Dawes*, 239 F.3d at 491. *See also Graham*, 89 F.3d at 79 ("Retaliation claims by prisoners are 'prone to abuse' since prisoners can claim retaliation for every decision they dislike") (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983)).

**III. Application to this Case**

Applying these principles here, I find that the moving defendants are entitled to summary judgment. Although it is undisputed that plaintiff engaged in constitutionally protected conduct when he filed a grievance against Bartkowiak, plaintiff has failed to present facts showing that the moving defendants' actions were causally connected to that conduct.[1]

---

[1] It is at best debatable whether plaintiff has shown an "adverse action" for § 1983 purposes. Courts have found that prison officials' conduct constitutes an "adverse action" when it "would deter a similarly situated individual of ordinary firmness from exercising his or her

(continued...)

All that plaintiff has shown is that he had an altercation with Bartkowiak, that he was later removed from certain jobs at Attica, and that his grievances about those matters were denied. There is no indication that these acts were meant to be retaliatory.

According to defendants, plaintiff was initially removed from his nurse's aide position because of plaintiff's own fears for his safety there. *See* Defendant Arnone's Response to Plaintiff's Interrogatories (Dkt. #27) at 1. Plaintiff himself states that he expressed such fears to Arnone after plaintiff's run-in with Bartkowiak. Complaint ¶ 11. Apparently plaintiff later wrote a letter about his nurse's aide job to the superintendent, and James responded by memorandum stating that he believed that it was "appropriate" that plaintiff be removed from that position. He opined that plaintiff had an exaggerated view of his own importance, adding, "It is my contention that an inmate that believes he is indispensable should be immediately moved to another job." Dkt. #53 at 23.

With respect to the laundry job, defendants contend that plaintiff was removed for poor performance. *See* Dkt. #53 at 29. His grievance about that matter was denied on the ground that

---

[1](...continued)
constitutional rights." *Dawes v. Walker*, 239 F.3d 489, 493 (2d Cir. 2001), *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002); *see also Davis v. Goord*, 320 F.3d 346, 353 (2d Cir.2003) (alleged retaliation must be more than *de minimis*).

Here, I am not convinced that defendants' denial of plaintiff's grievances, and their removal of him from certain jobs, constituted adverse actions. As the Second Circuit has pointed out, "[p]risoners may be required to tolerate more than public employees, who may be required to tolerate more than average citizens, before a [retaliatory] action taken against them is considered adverse." *Dawes*, 239 F.3d at 491 (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 386-87 (6th Cir. 1999) (en banc) (per curiam)). If a retaliatory act against an inmate would not be likely to "chill a person of ordinary firmness from continuing to engage" in a protected activity, "the retaliatory act is simply *de minimis* and therefore outside the ambit of constitutional protection." *Dawes*, 239 F.3d at 493.

In the case at bar, I believe that the moving defendants' actions could fairly be characterized as *de minimis*. Because I find that plaintiff has failed to show the existence of a factual dispute on the causal-connection prong, however, I need not decide whether to so hold as a matter of law.

plaintiff's "general attitude toward [his] supervisors was not acceptable" and because of "poor participation."  Dkt. #53 at 30, 31.

Other than the alleged assault by Bartkowiak (which for purposes of defendants' motion the Court assumes did occur) and the ensuing grievance by plaintiff, plaintiff has no evidence suggesting that these proffered reasons for defendants' actions were pretextual, or that there is any link between these actions and the prior assault and grievance.  At most, the evidence indicates that defendants did not care for plaintiff's attitude with respect to his job and his supervisors on the job.  That is not enough.

Even if defendants were motivated by some general dislike of plaintiff as a person, or by personality conflicts between him and his supervisors, that would not give rise to a § 1983 claim.  Even in the civilian world, employers' actions toward their employees "need not be good or even wise," as long as they are not based on unlawful motives.  *Bunk v. General Services Admin.*, 408 F.Supp.2d 153, 159 (W.D.N.Y. 2006) (quoting *Graefenhain v. Pabst Brewing Co.*, 827 F.2d 13, 20 (7th Cir. 1987), *overruled on other grounds by Coston v. Plitt Theatres, Inc.*, 860 F.2d 834 (7th Cir. 1988)); *see also Gumbs v.* Hall, 51 F.Supp.2d 275, 282 (W.D.N.Y. 1999) ("Title VII prohibits discrimination, not poor judgment").

Here, plaintiff offers nothing more than speculation that the moving defendants did what they did because he had filed a grievance against Bartkowiak.  Although temporal proximity between protected activity and an adverse action may in some circumstances be evidence of retaliatory motive, *see Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995), on the facts before me I find as a matter of law that such *post hoc, ergo propter hoc* (literally, "after this, therefore because of this") reasoning is not enough to give rise to a genuine issue of material fact.  *See Laurey v. Chemung County Dep't of Social Services*, 327 F.Supp.2d 247, 252 (W.D.N.Y. 2004) (collecting cases).  *See*

also *Alicea v. Howell*, 387 F.Supp.2d 227, 237 (W.D.N.Y. 2005) (holding that where the only evidence relied upon by inmate were facts that defendant Howell spoke with a DOCS employee about plaintiff's grievance against the employee, and that Howell subsequently found plaintiff guilty of a drug charge, "[t]o infer that [the employee] prejudiced Howell against plaintiff, ... or that there was a causal connection between her conversation with Howell and his finding of plaintiff's guilt, is based on sheer speculation"); *Lashley v. Wakefield*, 367 F.Supp.2d 461, 469 (W.D.N.Y. 2005) (plaintiff's allegation that defendant had said that plaintiff was the "asshole" that worked in the law library and who had given him a "hard time" during a library shift he worked a few weeks earlier, could not, standing alone, support a finding that defendant filed subsequent inmate misbehavior report in retaliation for plaintiff's work as a law clerk).

## CONCLUSION

The motion for summary judgment filed by defendants Randy James, Kevin Arnone, Victor Herbert, Richard Trykowski and Jennifer Robbins (Dkt. #50) is granted, and the complaint is dismissed as to those defendants.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       August 21, 2006.